United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,         Case No. 21-cr-20441

vs.

                               Honorable Terrence G. Berg

D-1 Hadeer Gappy,

        Defendant.
_____/

**Stipulated Preliminary Order of Forfeiture**

The United States of America, by and through Assistant United States Attorney Adriana Dydell and Defendant Hadeer Gappy ("Defendant"), by and through his attorney, Sanford A. Schulman, submit this Stipulated Preliminary Order of Forfeiture to the Court for entry. The Parties stipulate and agree to the following:

On July 6, 2021, the United States filed an Information, which charges Defendant with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349. (ECF No. 1).

The Information contains a Forfeiture Allegation which provides notice that upon conviction of the charged offense the defendants shall forfeit to the United States of America, under 18 U.S.C. § 981(a)(1)(C)

1

and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The Forfeiture Allegation identifies specific property that the United States intends to forfeit. (ECF No. 1, PageID.5-7).

The Forfeiture Allegation also provides notice that the United States intends to seek a forfeiture money judgment for the amount of proceeds defendants obtained as a result of Count One, which the United States anticipated to be approximately $9.2 million dollars. (ECF No. 1, PageID.7).

On or about October 21, 2021, Defendant pleaded guilty to Count One of the Information under a Rule 11 Plea Agreement. (ECF No. 21).

In the factual basis for the Rule 11, Defendant agreed that he and his brother, co-Defendant Harry Gappy, owned and operated Bottom's-Up Liquor ("Bottom's-Up"), a market and liquor store in Detroit, Michigan. (ECF No. 21, PageID.43). Defendant acknowledged that between approximately February 2016 and February 2018, he engaged in a scheme to purchase merchant gift cards and prepaid stored-value cards from individuals who used compromised credit and debit card accounts to obtain the cards. Bottom's-Up resold the merchant gift

cards at a profit to Raise.com and CardCash.com and processed the prepaid stored-value cards as purchases on their credit/debit card terminals. (ECF No. 21, PageID.44-45). Raise.com, CardCash.com, and Elavon wire transferred payments to the Bottom's Up account at Comerica Bank. (ECF No. 21, PageID.45). Defendants withdrew significant sums of cash from the Comerica Bank account and transferred the funds received from Raise.com, CardCash.com, and Elavon out of the Comerica Bank account into other accounts they controlled, including accounts titled to their mother. (ECF No. 21, PageID.45-46).

Between February 2016 and August 2017, Defendants sold more than 57,000 gift cards to Raise.com for which Raise.com paid approximately $4.9 million dollars. (ECF No. 21, PageID.46). Between January 2017 and February 2018, Defendants sold more than 2,800 gift cards to CardCash.com for which CardCash.com paid approximately $1.4 million dollars. (ECF No. 21, PageID.46). Between December 2016 and December 2017, Defendants processed more than $2.9 million dollars in stored-value card transactions through Elavon. (ECF No. 21, PageID.46).

As part of his Rule 11, Defendant agreed to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable to, and which he acquired as a result of, his participation in the described wire fraud conspiracy under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). (ECF No. 21, PageID.50).

As part of his agreement regarding forfeiture, Defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $4,600,000.00 (the "Money Judgment"). In support of the Money Judgment, Defendant acknowledged that he participated in a conspiracy with his brother that obtained at least $9,200,000.00 in payments from Raise.com, CardCash.com and Elavon. (ECF No. 21, PageID.50).

As part of his agreement regarding forfeiture, Defendant acknowledged that he transferred the payments received in Bottom's Up's Comerica Bank account to other accounts owned or controlled by him, including accounts titled to his mother, Suhaila. (ECF No. 21, PageID.50). Defendant agreed to forfeit his interest in the following assets to the United States as proceeds, or directly traceable to proceeds, of the wire fraud conspiracy:

a) $55,343.71 in funds from Bank of America Acct #006617232209 (18-USS-000383);

b) $314,877.00 in funds from Comerica Bank Acct #1230027508 (18-USS-000384);

c) $147,205.63 in funds from Elavon Merchant Acct #8030848413 (18-USS-000385);

d) $741,073.63 in funds from Huntington Bank Acct #03382313205 (18-USS-000386);

e) $800,486.48 in funds from TCF Bank Acct #3444000174 (18-USS-00387);

f) $3,601.29 in funds from TCF Bank Acct #4443472331 (18-USS-00388);

g) $611,491.06 in funds from TCF Bank Acct #7443943622 (18-USS-000389);

h) $535,291.42 in funds from TCF Bank Acct #8444268995 (18-USS-000390);

i) $306,320 U.S. Currency seized from XX46 Buena Vista Court, West Bloomfield, Michigan (18-USS-000442);

j) $32,174 and $5,000 U.S. Currency seized from XX23 W. 8 Mile Road, Detroit, Michigan (18-USS-000443; 18-USS-000461);

k) $368,939.50, $949.00 and $240.00 U.S. Currency seized from XX60 Victoria Drive, West Bloomfield, Michigan (18-USS-000444; 18-USS-000445; 18-USS-000460);

l) $5,194 U.S. Currency seized from X04 Woodhaven Drive, Commerce Township, Michigan (18-USS-000462); and

m) MoneyGram Money Order Numbers R107675090897, R107675090908, R107786581936, R107675090853, R107675090699, R107876447976, R107876447965,

>R107786580935, R107675090842, R107786581903, R107786582343, R107876447866, R107876447855, R107876447877 Valued at $1,000 each (18-USS-000446, 18-USS-000447, 18-USS-000448, 18-USS-000449, 18-USS-000450, 18-USS-000451, 18-USS-000452, 18-USS-000453, 18-USS-000454, 18-USS-000455, 18-USS-000456, 18-USS-000457, 18-USS-000458, 18-USS-000459).

(collectively, the "Subject Property") (ECF No. 21, PageID.50-52).

In his Rule 11, Defendant agreed to the Court's prompt entry of one or more orders of forfeiture, and agreed to sign a Stipulated Preliminary Order of Forfeiture for forfeiture of the Subject Property and entry of the $4,600,000.00 Money Judgment. (ECF No. 21, PageID.52).

To the extent the Subject Property does not satisfy the Money Judgment, Defendant agrees to satisfy the Money Judgment through the forfeiture of any other property owned by him. Defendant explicitly agrees to the forfeiture of any and all identified substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. (ECF No. 21, PageID.52).

As part of this Stipulation, Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any

6

form, to any forfeiture carried out in accordance with this agreement, on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

Based on the Information, the Rule 11 Plea Agreement, Defendant's guilty plea, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, **THIS COURT ORDERS** as follows:

1. A forfeiture Money Judgment in the amount of $4,600,000.00 **IS GRANTED AND ENTERED** against Defendant Hadeer Gappy in favor of the United States. The Court finds that the Money Judgment amount is a reasonable approximation of the proceeds Defendant obtained from his violation of Count One of the Information. The Money Judgment shall become final at entry given that ancillary proceedings are not required for a Money Judgment.

2. The Money Judgment may be satisfied, to whatever extent possible, from any property owned by Defendant or under his dominion and control. Any assets that Defendant has now, or may later acquire,

may be forfeited as substitute assets under 21 U.S.C. § 853(p) until the Forfeiture Money Judgment is satisfied in full. The United States may undertake whatever discovery is necessary to identify, locate, or dispose of substitute assets under Federal Rule of Criminal Procedure 32.2(b).

3. The Court finds that the Subject Property has a nexus to Count One and **ORDERS FORFEITURE** of the Subject Property to the United States as proceeds or property traceable to proceeds of the offense under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

4. This Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and shall be included in the Judgment.

5. Upon entry of this Stipulated Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to

dispose of the Subject Property on www.forfeiture.gov for at least 30 consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within 30 days of the final date of publication of notice or within 30 days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury, and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third-party files a timely petition for any of the Subject Property by the deadline provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third-party files a timely petition for ancillary hearing for any of the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

| | |
|---|---|
| s/ ADRIANA DYDELL | s/ SANFORD A. SCHULMAN (see attached) |
| ADRIANA DYDELL | SANFORD A. SCHULMAN |
| Assistant United States Attorney | Attorney for Hadeer Gappy |
| 211 W. Fort St., Ste. 2001 | 500 Griswold St Ste 2340 |
| Detroit, MI 48226 | Detroit, MI 48226-4484 |
| (313) 226-9125 | (313) 963-4740 |
| adriana.dydell@usdoj.gov | saschulman@comcast.net |
| [CA Bar No 239516] | [P43230] |
| Dated: April 5, 2022 | Dated: April 7, 2022 |

s/ HADEER GAPPY (see attached)
HADEER GAPPY
Defendant
Dated: April 7, 2022

******************************************
**IT IS SO ORDERED.**

Dated: April 8, 2022

**/s/Terrence G. Berg**
HON. TERRENCE G. BERG
United States District Judge

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

s/ ADRIANA DYDELL
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: April 5, 2022

SANFORD A. SCHULMAN
Attorney for Hadeer Gappy
500 Griswold St Ste 2340
Detroit, MI 48226-4484
(313) 963-4740
saschulman@comcast.net
[P43230]

Dated:

HADEER GAPPY
Defendant
Dated:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: _____

HON. TERRENCE G. BERG
United States District Judge

11